NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

THOMAS NOUAN, *Petitioner.*

No. 1 CA-CR 14-0503 PRPC
FILED 9-13-2016

Petition for Review from the Superior Court in Maricopa County
No. CR 1997-93519
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin, Mikel Steinfeld
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

**H O W E**, Judge:

**¶1**         Petitioner Thomas Nouan petitions this Court for review from the trial court's dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         A jury convicted Nouan of first degree murder and armed robbery; offenses he committed when he was 14 years old. The trial court sentenced Nouan to life imprisonment with the possibility of parole after 25 years, consecutive to the 10.5-year sentence imposed for armed robbery. While the applicable sentencing statute at the time provided for the possibility of parole after 25 years, the Legislature abolished parole in 1993 when it amended A.R.S. § 41–1604.06. *See* A.R.S. § 13–751(A) (sentences for first degree murder); 1993 Ariz. Sess. Laws, ch. 255 § 86 (1st Reg. Sess.) (amending A.R.S. § 41–1604.06). Therefore, when the court sentenced Nouan, the only way Nouan could obtain release after 25 years was through commutation of his sentence or pardon. *See* A.R.S. §§ 31–402(C), –443. A sentencing scheme that abolishes parole for life sentences and provides for release based only on commutation or pardon does not provide a meaningful opportunity for release from a life sentence. *See Graham v. Florida*, 560 U.S. 48, 57 (2010); *Solem v. Helm*, 463 U.S. 277, 300–01 (1983).

**¶3**         Nouan filed a successive notice of post-conviction relief, challenging his sentence based on the United States Supreme Court's decision in *Miller v. Alabama*. *See* __ U.S. __, 132 S. Ct. 2455, 2460 (2012). *Miller* held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" __ U.S. at __, 132 S. Ct. at 2460. Nouan argued *Miller* was a significant change in the law that required resentencing.

**¶4**         The trial court considered Nouan's claims with those of other petitioners who raised identical claims. The court ordered the parties to file briefs that addressed whether *Miller* was retroactive and whether the

petitioners had cognizable claims given that they had not yet served 25 years of their sentences. The trial court then held a hearing on the consolidated claims, after which it denied relief. The court held in relevant part that *Miller* was a significant change in the law and was retroactive, that Arizona law did not mandate life sentences without a possibility of parole for juveniles, and that commutation or clemency did not provide meaningful opportunities for release to offenders sentenced to life with the possibility of release. The court further held, however, that the Legislature's recent passage of House Bill ("H.B.") 2593, which re-established parole for juvenile offenders sentenced to life imprisonment with a possibility of parole, resolved any issues about whether Nouan's sentence "violated the letter and spirit of *Miller*." Nouan now seeks review. We review the trial court's summary dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219 ¶ 9, 368 P.3d 925, 927 (2016).

**¶5**     In his petition for review, Nouan argues the trial court deprived him of the opportunity to challenge H.B. 2593 more fully. Specifically, Nouan argues that the trial court should have granted relief and ordered that Nouan be resentenced so that during those proceedings, Nouan could investigate and present claims that H.B. 2593 and the resulting statutory changes were not retroactive, violated the prohibition against *ex post facto* laws, and did not otherwise satisfy *Miller*.

**¶6**     We deny relief. First, *Miller* is a significant change in the law and is retroactive. *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718, 736 (2016); *State v. Valencia*, 239 Ariz. 255, 259 ¶ 17, 370 P.3d 124, 128 (App. 2016). Second, "A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, __ U.S. at __, 136 S. Ct. at 736. Therefore, even assuming arguendo that Nouan's sentence violated *Miller*, H.B. 2593 and the resulting statutory changes remedied that violation. Through H.B. 2593, the Legislature enacted A.R.S. § 13–716, which now permits juvenile homicide offenders to be considered for parole:

> Notwithstanding any other law, a person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is eligible for parole on completion of service of the minimum sentence, regardless of whether the offense was committed on or after January 1, 1994.

Further, any person sentenced to life imprisonment and who is eligible for parole pursuant to A.R.S. § 13–716 is now expressly subject to the parole eligibility provisions of A.R.S. § 41–1604.09, which H.B. 2593 amended. *See* A.R.S. § 41–1604.09(I)(2). Addressing Nouan's other contentions, this Court has already considered and rejected arguments regarding the retroactivity of H.B. 2593 and the resulting legislative changes. *See State v. Vera*, 235 Ariz. 571, 576 ¶¶ 21–22, 334 P.3d 754, 759 (App. 2014) (concluding that H.B. 2593 is not impermissibly retroactive and does not impermissibly infringe "on the role of the judiciary").

**¶7**        Regarding Nouan's *ex post facto* argument, Nouan claims that A.R.S. § 13–716 violates the *ex post facto* doctrine because the statute "takes away the vested right to a hearing to be absolutely discharged from parole, instead requiring defendants to remain on parole for the remainder of their lives." However, before the statute's effective date, Nouan had no substantive right to parole eligibility; a fortiori, he had no "vested right" to a hearing regarding his absolute discharge from parole.

**¶8**        For the foregoing reasons, we grant review but deny relief.

